IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUGUST IMAGE, LLC, <br> Plaintiff, <br><br> v. <br><br> VALA AFSHAR, <br> Defendant, | ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY DEMAND

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Vala Afshar ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial and attorney's fees.

### PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of New York with its principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3. Upon information and belief, Defendant is an individual residing Burlington, Massachusetts who promotes himself as the Chief Digital Evangelist at SalesForce, Inc.

1

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant resides in this judicial district and is committing torts in this state, including without limitation Defendant's copyright infringement.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.**    **Plaintiff's Business**

7.      Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection.  Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video.  On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8. . On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

9. Among Plaintiff's many celebrated photographers to have granted Plaintiff an exclusive license of copyrights for the purpose of monetizing their works is Martin Schoeller, the author of the photographic work at issue in this litigation. Martin Schoeller is a sought after fashion and celebrity portrait photographers in the industry.

10. Martin Schoeller is the sole author of the following image of Tony Robins hereinafter referred to as the "Copyrighted Work":



11. Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. Nos. VA 2-229-709, for the copyrights in and to the Copyrighted Work.

12. Plaintiff owns, and has owned at all relevant times all the copyrights in and to the Copyrighted Work as the exclusive licensee.

**B.    Defendant's Unlawful Activities**

13. In May of 2025, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in an Art Streiber photograph of Steve Jobs and early engineers at Apple. Plaintiff notified Defendant of the infringement in a cease and desist letter dated 20250617. Defendant did not respond so Plaintiff filed an action against Defendant in the Court, Civil Action Number 1:25-cv-12184-IT.

14. Since discovery the infringing of the Art Streiber photograph, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and/or publicly displayed, without Plaintiff's authorization, by Defendant on his twitter account, as depicted here:



15. Upon information and belief, Defendant is directly responsible for the use of the Copyrighted Work described above.

16. Upon information and belief, Defendant needed photographic content from to illustrate his commentary on the internet and promote his personal brand as an accomplished "digital evangelist."  Defendant could have inquired about a possible license from Plaintiff for use of the Copyrighted Work but did not.  Instead, Defendant searched the internet and located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of the webpage depicted above, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

17. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

18. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

19. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful.

20. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.  Defendant, a sophisticated media guru familiar with copyright law and the need to seek a license for the use of the Copyrighted Works, knew it did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

21. Defendant, a sophisticated media guru familiar with copyright law and the need to

seek a license for the use of the Copyrighted Works, knew it did not have permission to use Plaintiff's Copyrighted Works and deliberately did so anyway.

22. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works are knowing and willful because this is not the first time that Defendant has faced a copyrighted infringement lawsuit in federal court.

### CLAIM FOR RELIEF
### DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. Plaintiff owns, and has owned at all relevant times, sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

26. As a result of Plaintiff's prior publication of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Website.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and/or publicly displaying the Copyrighted Works at the infringing website.

28. Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, pursuant to 17 U.S.C. § 504(b), Plaintiff has been

damaged by Defendant's conduct and is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

30. In addition, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for the infringement of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Further, pursuant to 17 U.S.C. § 505, Plaintiff is entitle to recover its reasonable attorneys' fees.

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of

the Copyrighted Works;

4.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 2, 2026

                                        Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*